# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2012

Lyle W. Cayce
Clerk

No. 11-60852
Summary Calendar

MEYBIS ARACELI GANUZA-VARGAS,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 492 214

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Meybis Araceli Ganuza-Vargas, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ's) denial of a motion to reopen her deportation proceedings, and she moves for a stay of deportation. After notice was sent by regular mail to the address provided by Ganuza-Vargas on her release from immigration custody, she failed to appear for a February 2005 removal hearing and was ordered deported in absentia. In August 2010,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

she moved to reopen the proceedings on the basis that she did not receive notice of the 2005 hearing. The BIA agreed with the IJ's determination that Ganuza-Vargas received proper notice of the removal hearing, but it wrote separately to reject her claims of due process violations and exceptional circumstances that warranted reopening the proceedings for consideration of her asylum application.

Ganuza's contention, that she cannot be deemed to have provided an address to authorities because she was not first informed of her statutory obligations by service of a Notice to Appear, is refuted by evidence in the record showing that she was timely served with a Notice to Appear and apprised in Spanish of her obligations. She is not entitled to a remand for consideration of her asylum application because she has not established cause for her failure to appear or rebutted the BIA's determination that she failed to demonstrate changed country circumstances that would allow it to consider her untimely asylum application. There is no merit to her assertion that the BIA did not articulate adequate reasons for denying relief. Accordingly, the petition for review and the request for a stay of deportation are DENIED.